## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JODDIE B. PATTERSON**<br>6313 Betham Court<br>Fort Washington, MD 20744<br><br>         Plaintiff,<br><br>v.<br><br>**MICHAEL W. WYNNE, SECRETARY**<br>**U.S. DEPARTMENT OF THE AIR FORCE**<br>The Pentagon<br>Washington, DC  20330<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff Joddie B. Patterson (hereafter "Plaintiff Patterson or "Ms. Patterson") brings this action for injunctive relief and damages based on the denial of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (hereafter "ADEA").  The United States Department of the Air Force (hereafter "the Defendant" or "the Agency") discriminated against Ms. Patterson based upon her race, (African-American), her gender (female) and her age (over 40), when it harassed and ultimately terminated her.  Defendant also retaliated against Ms. Patterson for engaging in activities protected by Title VII and the ADEA.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4), 42 U.S.C. § 2000e-5, and 29 U.S.C. § 626.

3.  The claims asserted herein arose at Bolling Air Force Base in Washington, D.C.  Venue

    is appropriate in this Court under 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3).

## EXHAUSTION OF REMEDIES

4.  Ms. Patterson exhausted all administrative requirements that apply to the processing of

    her Complaint, including the filing of a formal complaint with the Equal Employment

    Opportunity Commission (hereafter "EEOC").

## PARTIES

5.  Joddie B. Patterson, an African-American female over the age of sixty, was a Lodging

    Manager at Bolling Air Force Base (hereafter "BAFB") at the time the discrimination

    occurred as set forth herein.  Ms. Patterson began working for the Federal Government in

    September 1974 as a Billeting Clerk.  The Agency promoted Ms. Patterson several times

    during her employment and she ultimately became a Lodging Manager in 1996.

6.  Defendant Michael W. Wynne is the Secretary for the United States Air Force ("USAF").

    The Secretary is being sued in his official capacity as provided by law based on his

    executive responsibility for administering USAF personnel policies and his responsibility

    to enforce and to promote equal employment opportunity throughout the USAF.  During

    the relevant time period, the USAF has employed over 500 employees.

7.  Warren B. Teets, Combat Support Flight Chief, GS-13, is not a Defendant in this lawsuit

    but was named in Ms. Patterson's EEO and EEOC complaints as one of the

    discriminating officials.  Mr. Teets is one of the management officials most directly

    involved in taking adverse actions against Ms. Patterson because of her age, sex, race and

    in reprisal for engaging in protected activities.  Mr. Teets was one of the Agency officials

    directly responsible for her demotion, for underpaying her, and for erroneously rating her

performance, thereby creating a pretext to hide his discriminatory motives, and then retaliating against Ms. Patterson when she complained about his unlawful behavior.

8.  Leslie Abbott, former Services Director, GS-14, is not a Defendant in this lawsuit but was named in Ms. Patterson's EEO and EEOC complaints as one of the discriminating officials.  Ms. Abbott is one of the management officials most directly involved in taking adverse actions against Ms. Patterson because of her age, sex, race and in reprisal for engaging in protected activities.  Ms. Abbott was one of the Agency officials directly responsible for her demotion, for underpaying her, and for erroneously rating her performance, thereby creating a pretext to hide her discriminatory motives, and then retaliating against Ms. Patterson when she complained about her unlawful behavior.

## FACTS

9.  Ms. Patterson began working as a Lodging Manager at Bolling Air Force Base in 1996. She always had positive performance evaluations and numerous compliments and commendations from the people she serviced.  She was the first African-American woman to work as a Lodging Manager at BAFB.

10. On or about August 2001, Mr. Teets and Ms. Abbott increased the Front Desk Clerk's salary from $7.00 to $10.00 per hour and the Lead Desk Clerk's increase was from $8.00 to $12.00 per hour.   These Clerks were significantly younger than Ms. Patterson.

11. Ms. Patterson did not receive a wage increase.  When she requested a wage increase, Mr. Teets instructed her to submit a request for a pay increase.

12. On or about October 2001, Ms. Patterson submitted a request for a wage increase. Management promptly rejected her request, citing budgetary issues.

13. In or about November 2001, Mr. Teets requested that Ms. Patterson meet with him.  In

the meeting, Mr. Teets informed her that he planned to hire a new Lodging Manager and asked Ms. Patterson to step down to the Assistant Manager position. Mr. Teets also informed her that he planned to hire Robert McCullough, a Caucasian male, as the new Lodging Manager. Mr. Teets and Mr. McCullough had a friendship dating back to 1993. Ms. Patterson was shocked and could not believe that Mr. Teets wanted to demote her and give her position to Caucasian male with whom he had a friendship.

14. A few days later, on or about November 28, 2001, Ms. Patterson and Mr. Teets met again. Ms. Patterson informed Mr. Teets that she did not want to voluntarily demote herself from the Lodging Manager position so that Mr. Teets could fill the position with one of his Caucasian male friends. Mr. Teets then threatened her, stating that "if anything goes wrong, I will blame you for it."

15. During the weeks following the meeting with Mr. Teets, Ms. Patterson received several inquires at the Lodging office regarding the supposed Lodging Manager vacancy at BAFB. This caused an enormous amount of stress for Ms. Patterson as this clearly indicated that, despite her refusal, Mr. Teets still intended to remove her from her position and demote her.

16. Shortly thereafter, even though management had previously cited budgetary issues for denying Ms. Patterson an increase in pay, Ms. Abbott and Mr. Teets nonetheless created a new Assistant Lodging Manager position and hired Mr. McCullough into it. Although his position would be subordinate to hers, Management hired Mr. McCullough with a yearly salary that was approximately the same as Ms. Patterson. Furthermore, management had just hired Mr. S. Meridith Smidt as an Assistant Lodging Manager the previous April and it was unprecedented for BAFB to have two Assistant Lodging

Managers.

17. In or about June 2002, Ms. Patterson received a nomination and a certificate for the Civilian of the Quarter Award in recognition of her accomplishments, outstanding performance and commitment to her job during the 9/11 tragedy.

18. Around that same time period, Mr. Teets began a barrage of emails with frivolous requests in an effort to harass Ms. Patterson and to create a pretext for false performance issues.

19. On or about July 23, 2002, Mr. Teets informed Ms. Patterson that Mr. McCullough did not like working weekends and that only one manager was necessary for the weekend shifts. Mr. Teets then informed Ms. Patterson that she would be working the weekend shifts.

20. Disturbed by management's disparate treatment, harassment, and discriminatory favoritism toward Mr. McCullough, Ms. Patterson filed an EEO complaint on or about July 25, 2002.

21. On or about October 10, 2002, Mr. Teets gave Ms. Patterson a letter of counseling for no apparent reason.

22. In or around October 2002, Mr. Teets met with Ms. Patterson to discuss her performance evaluation. In retaliation for filing her EEO complaint, Mr. Teets rated Ms. Patterson's performance unfavorably. In all her years with Mr. Teets as her manager, Ms. Patterson had never received an unfavorable rating from him. The rating was unjustified, without basis and contained performance issues that were false and/or had no merit.

23. As a result of Mr. Teets' pretextual and retaliatory rating of Ms. Patterson's performance, she was not eligible for any type of monetary award.

24. During the next few months, Ms. Patterson's actions were heavily scrutinized. Management harassed her, required that she work weekends, and made other unreasonable and unfair demands that they did not request from any other employee in a management role.

25. Ms. Patterson was highly distraught and disturbed by Mr. Teet's unreasonable demands which caused an increase in her workload and corresponding long work hours to comply with his assignments. During her long tenure with BAFB, Ms. Patterson had always performed her job duties in an exemplary manner and management had never made such unreasonable workload demands. Because of management's discriminatory and retaliatory actions, Ms. Patterson could not sleep and suffered from extreme anxiety.

26. On or about July 23, 2003, Ms. Patterson sought treatment from a mental health professional, Dr. Dillman. Dr. Dillman determined that Ms. Patterson was not well enough to return to work until July 28, 2003.

27. Despite the advice and physician orders not to return to work, management demanded that Ms. Patterson continue working. Even though she was feeling ill, Ms. Patterson reported to work as instructed on or about July 28, 2003.

28. On or about July 30, 2003, Mr. Teets instructed Ms. Patterson to meet with him and other management officials. Afraid that management intended to increase and intensify its retribution for filing her EEO complaint, as well as to reprimand her for requesting sick-leave, Ms. Patterson sought to postpone the meeting. That same day, Ms. Patterson fell violently ill and left the BAFB.

29. From approximately on or about July 31, 2003 through August 1, 2003, Ms. Patterson requested sick leave based upon the advice of her health care professional.

30. Ms. Patterson attempted to return to work on or about August 4, 2003, only to fall ill again.

31. On or about August 4, 2003, Dr. Dillman placed Ms. Patterson under his care.  Ms. Patterson informed her office of her sick leave and provided all the proper medical documentation to support her leave request.

32. On or about September 30, 2003, while on sick leave, and without any advance notification or opportunity to challenge management's decision, Ms. Patterson learned that management had removed her from federal service.

## COUNT I

## Sex Discrimination in Violation of Title VII

33. Ms. Patterson re-alleges paragraphs 1-32 and incorporates them fully herein.

34. Ms. Patterson alleges that Defendant, and/or agents or employees acting on its behalf, subjected her to discrimination on the basis of her sex (female) by denying her wage increases, bonuses, and other employment opportunities and subjecting her to other such adverse and disparate treatment, including termination. Ms. Patterson further alleges that these acts and practices violate Title VII.

35. As a result of Defendant's unlawful and discriminatory practices, Ms. Patterson has suffered and is suffering considerable injury, including loss of past, present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, and indignity.

36. As a consequence of Defendant's actions, Defendant is additionally liable to Ms. Patterson for those damages as well as for attorneys' fees, the cost of this litigation, accrued interest and other damages as the Court deems appropriate.

## COUNT II

### Race Discrimination in Violation of Title VII

37. Ms. Patterson re-alleges paragraphs 1-36 and incorporates them fully herein.

38. Ms. Patterson alleges that Defendant, and/or agents or employees acting on its behalf, subjected her to discrimination on the basis of her race (African-American) by denying her wage increases, bonuses, and other employment opportunities and subjecting her to other such adverse and disparate treatment, including termination. Ms. Patterson further alleges that these acts and practices violate Title VII.

39. As a result of Defendant's unlawful and discriminatory practices, Ms. Patterson has suffered and is suffering considerable injury, including loss of past, present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, and indignity.

40. As a consequence of Defendant's actions, Defendant is additionally liable to Ms. Patterson for those damages as well as for attorneys' fees, the cost of this litigation, accrued interest and other damages as the Court deems appropriate.

## COUNT III

### Age Discrimination in Violation of the ADEA

41. Ms. Patterson re-alleges paragraphs 1 - 40 and incorporates them fully herein.

42. Ms. Patterson alleges that Defendant, and/or agents or employees acting on its behalf, discriminated against her on the basis of her age (11/14/42) by denying her wage increases, bonuses, and other employment opportunities and subjecting her to other such

adverse and disparate treatment, including termination. Ms. Patterson further alleges that these acts and practices violate Title VII.

43. As a result of Defendant's unlawful and discriminatory practices, Ms. Patterson has suffered and is suffering considerable injury, including loss of past, present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, and indignity.

44. As a consequence of Defendant's actions, Defendant is additionally liable to Ms. Patterson for those damages as well as for attorneys' fees, the cost of this litigation, accrued interest and other damages as the Court deems appropriate.

## COUNT IV

### Retaliation in Violation of the ADEA and Title VII

45. Ms. Patterson re-alleges paragraphs 1 - 44 and incorporates them fully herein.

46. Ms. Patterson alleges that Defendant, and/or agents or employees acting on its behalf, retaliated against her for participating in protected activity and the EEO/EEOC process. Defendant subjected Ms. Patterson to adverse and disparate treatment, including termination, in retaliation for her opposition to Defendant's unlawful employment practices.

47. As a result of the Defendant's unlawful and retaliatory practices, Ms. Patterson has suffered and is suffering considerable injury, including loss of past, present and future earnings, loss of employment opportunities and career advancement and mental distress, embarrassment, humiliation, and indignity.

48. As a consequence of Defendant's actions, Defendant is additionally liable to Ms. Patterson for those damages as well as for attorneys' fees, the cost of this litigation, accrued interest and other damages as the Court deems appropriate.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff respectfully requests this Court to:

A.    Enter judgment for Plaintiff against Defendant on all Counts;

B.    Declare that the conduct of Defendant is in violation of Title VII of the Civil Rights Act of 1964, as amended;

C.    Declare that the conduct of Defendant is in violation of the Age Discrimination in Employment Act;

D.    Order the Defendant to pay Ms. Patterson full back pay and front pay, including salary, retirement, loss of other benefits, future losses, and other economic losses and entitlements retroactive to the date of any unlawful action found to have occurred in this case;

E.     Award Ms. Patterson compensatory damages for the injuries and losses that she suffered in an amount to be proved at trial;

F.    Award Mr. Patterson pecuniary and out of pocket expenses;

G.    Order Defendant to pay all reasonable attorneys' fees, court costs, and expenses incurred by Ms. Patterson as a result of Defendant's actions and inactions, as well as pre-judgment and post-judgment interest;

H.    Order such other equitable and legal relief as the Court deems necessary and appropriate.

**JURY DEMAND**

Plaintiff requests a trial by a jury of her peers as to all claims set forth in this Complaint.

Respectfully submitted,

_____
Camilla C. McKinney, Esq.
D.C. Bar No.  448776
McKinney & Associates, PLLC
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C.  20005
(202) 861-2934 (telephone)
(202) 517-9111 (facsimile)
*Attorneys for Plaintiff Joddie B. Patterson*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Joddie B. Patterson<br>6313 Betham Court<br>Fort Washington, MD 20744    88888 | Michael W. Wynne, Secretary<br>U.S. Dept of the Air Force, The Pentagon<br>Washington, D.C. 20330 |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Camilla C. McKinney, Esquire
McKinney & Associates, PLLC
1100 Fifteenth Street, NW
Suite 300
Washington, DC 20005

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01438
Assigned To : Urbina, Ricardo M.
Assign. Date : 8/8/2007
Description: Employ. Discrim.

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

⬤ 3 Federal Question (U.S. Government Not a Party)

🚫 2 U.S. Government Defendant

O 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

**O A. *Antitrust***

☐ 410 Antitrust

**O B. *Personal Injury/ Malpractice***

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. *Administrative Agency Review***

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**O E. *General Civil (Other)*    OR    O F. *Pro Se General Civil***

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ⭘ **G.** *Habeas Corpus/* *2255* | ⊙ **H.** *Employment Discrimination* | ⭘ **I.** *FOIA/PRIVACY ACT* | ⭘ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General<br>☐ **510** Motion/Vacate Sentence | ☒ **442** Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895** Freedom of Information Act<br>☐ **890** Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |

| ⭘ **K.** *Labor/ERISA (non-employment)* | ⭘ **L.** *Other Civil Rights (non-employment)* | ⭘ **M.** *Contract* | ⭘ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act<br>☐ **720** Labor/Mgmt. Relations<br>☐ **730** Labor/Mgmt. Reporting & Disclosure Act<br>☐ **740** Labor Railway Act<br>☐ **790** Other Labor Litigation<br>☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act)<br>☐ **443** Housing/Accommodations<br>☐ **444** Welfare<br>☐ **440** Other Civil Rights<br>☐ **445** American w/Disabilities-Employment<br>☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance<br>☐ **120** Marine<br>☐ **130** Miller Act<br>☐ **140** Negotiable Instrument<br>☐ **150** Recovery of Overpayment & Enforcement of Judgment<br>☐ **153** Recovery of Overpayment of Veteran's Benefits<br>☐ **160** Stockholder's Suits<br>☐ **190** Other Contracts<br>☐ **195** Contract Product Liability<br>☐ **196** Franchise | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ⭘ 2 Removed from State Court   ⭘ 3 Remanded from Appellate Court   ⭘ 4 Reinstated or Reopened   ⭘ 5 Transferred from another district (specify)   ⭘ 6 Multi district Litigation   ⭘ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC Sec. 2000e et seq, 29 U.S.C. Sec. 621, Discrimination based on Race, Sex, Age and Reprisal for exercising rights.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** [_____]   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  08/08/07   SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.