UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JODDIE B. PATTERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-1438 (RMU) |
| **MICHAEL W. WYNNE, SECRETARY** | ) |
| **U.S. DEPARTMENT OF THE AIR FORCE** | ) |
| **The Pentagon** | ) |
| **Washington, DC 20330** | ) |
| | ) |
| **Defendant.** | ) |

### DEFENDANT'S ANSWER

Now comes the Defendant, Michael W. Wynne, Secretary, United States Department of the Air Force, by and through Counsel and hereby answers the Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

#### Second Defense

Plaintiff has failed to exhaust administrative remedies on specific discrete claims of discrimination and retaliation.

#### Third Defense

Answering specifically the numbered paragraphs of Plaintiff's Complaint, using the same paragraph numbering, and without waiving any defenses and/or objections, Defendant admits, denies, or otherwise avers as follows:

1. Defendant admits only that Plaintiff filed this action pursuant to Title VII of the Civil

Rights Act of 1964 42 U.S.C. §§2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, (ADEA). The defendant denies the remaining allegations contained in paragraph 1.

2.   Admit

3.   Admit only that venue is appropriate in this Court but deny that discrimination in any form took place or arose at Bolling Air Force Base in Washington, D.C.

4.   Deny.

5.   Defendant admits the allegations pertaining to plaintiff's age, race and gender and occupation at the time of the allegations asserted herein; admits to have promoted plaintiff several times; denies for want of information that plaintiff began working for the federal government in September 1974 as a Billeting Clerk; and further denies the remaining allegations contained in paragraph 5 of the plaintiff's complaint.

6.   Admit.

7.   Defendant admits only that plaintiff named Mr. Teets as a discriminating official in her EEO and EEOC complaints; and denies the remaining allegations contained in paragraph 7 of the plaintiff's complaint.

8.   Defendant admits only that plaintiff named Ms. Abbott as a discriminating official in her EEO and EEOC complaints; and denies the remaining allegations contained in paragraph 8 of the plaintiff's complaint.

9.   Defendant admits only that plaintiff worked as either a GS-11 "Housing Manager" or a NF-IV "Lodging Manager" from September 1996 to September 2003; denies for want of information that plaintiff was the first African-American woman to work as a Lodging Manager

at BATB; and denies the remaining allegations contained in paragraph 9 of the plaintiff's complaint.

10. Defendant denies the allegations contained in paragraph 10 of the plaintiff's complaint for lack of knowledge.

11. Defendant denies allegations contained in paragraph 11 of the plaintiff's complaint.

12. Defendant denies the allegations contained in paragraph 12 of the plaintiff's complaint for lack of knowledge.

13. Defendant admits only that on or about November 26, 2001, Mr. Teets and plaintiff discussed some negative issues with respect to plaintiff's performance and that Mr. Teets asked plaintiff whether she would be interested in working as the Assistant Lodging Manager instead of the Lodging Manager. Defendant denies the remaining allegations contained in paragraph 13 of the plaintiff's complaint.

14. Defendant admits only that plaintiff informed Mr. Teets that she did not want to accept the Assistant Lodging Manger position. Defendant denies the remaining allegations contained in paragraph 14 of the plaintiff's complaint.

15. Defendant denies the allegations contained in paragraph 15 of the plaintiff's complaint for lack of knowledge.

16. Defendant admits that while Mr. Meredith Smidt served as an Assistant Lodging Manager Mr. Robert McCullough was hired as an Assistant Lodging Manager at Bolling AFB in 2002. Defendant denies the remaining allegations contained in paragraph 16 of the plaintiff's complaint.

17. Defendant admits that in April 2002, plaintiff received a certificate of appreciation in

recognition of her nomination as Civilian of the Quarter-NF IV, January through March 2002. Defendant denies the remaining allegations contained in paragraph 17 of the plaintiff's complaint.

18.     Deny.

19.     Defendant denies the allegations contained in paragraph 19, except to admit only that Mr. Teets asked plaintiff to work some hours during the weekend because he needed a manager on duty to oversee lodging operations and resolve lodging issues as they developed.

20.     Defendant denies the allegations contained in paragraph 20 for lack of knowledge, except to admit only that plaintiff filed a formal EEO complaint, which was received on September 10, 2002.

21.     Defendant denies the allegations contained in paragraph 21, except to admit that on or about October 9, 2002, Mr. Teets gave plaintiff a letter of counseling for several incidents of mismanagement of Lodging operations at Bolling AFB.

22.     Defendant admits only that on or about October 9, 2002, Mr. Teets gave plaintiff a performance appraisal, which marked her overall performance as "satisfactory." Defendant denies the remaining allegations contained in paragraph 22 of the plaintiff's complaint.

23.     Deny.

24.     Deny.

25.     Deny.

26.     Defendant admits the first sentence of paragraph 26 and denies for lack of knowledge the second sentence of paragraph 26 of the plaintiff's complaint.

27.     Defendant denies the first sentence of paragraph 27 and denies for want of knowledge the

second sentence of paragraph 27 of the plaintiff's complaint.

28.	Deny.

29.	Defendant denies the allegations contained in paragraph 29 of the plaintiff's complaint for lack of knowledge.

30.	Defendant denies the allegations contained in paragraph 30 of the plaintiff's complaint for lack of knowledge.

31.	Admit the first sentence and deny the remaining allegations contained in paragraph 31 of plaintiff's complaint.

32.	Deny.

33.	Defendant restates and incorporates his answers to the allegations of the plaintiff's complaint, paragraphs 1 through 32, as if fully set forth herein in response to Paragraph 33.

34.	Defendant denies the allegations contained in paragraphs 34 through 36 of the plaintiff's complaint.

35.	Defendant restates and incorporates his answers to the allegations of the plaintiff's complaint, paragraphs 1 through 36, as if fully set forth herein in response to Paragraph 37.

36.	Defendant denies the allegations contained in paragraphs 38 through 40 of the plaintiff's complaint.

37.	Defendant restates and incorporates his answers to the allegations of the plaintiff's complaint, paragraphs 1 through 40, as if fully set forth herein in response to Paragraph 41.

38.	Defendant denies the allegations contained in paragraphs 41 through 44 of the plaintiff's complaint.

39.	Defendant restates and incorporates his answers to the allegations of the plaintiff's

complaint, paragraphs 1 through 44, as if fully set forth herein in response to Paragraph 45.

40.     Defendant denies the allegations contained in paragraphs 45 through 48 of the plaintiff's complaint.

The balance of Plaintiff's complaint contain unnumbered paragraphs, which consist of the Plaintiff's Prayer for Relief and do not require a response. To the extent a response is required, deny.

Defendant denies each and every allegation in the Complaint that has not been previously otherwise qualified or denied. Defendant denies that plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, the defendant having fully answered requests that plaintiff's complaint be dismissed, that costs be assessed against plaintiff, and for any other relief deemed just and proper.

Dated this 16th day of January, 2008.

                                        Respectfully submitted,

                                        /s/
                                        _____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney

                                        /s/
                                        _____
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney

                                                /s/
_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334