**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| **JODDIE B. PATTERSON** | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 07-1438 (RMU) |
|  | ) |
| **MICHAEL W. WYNNE, SECRETARY** | ) |
| **U.S. DEPARTMENT OF THE AIR FORCE** | ) |
|  | ) |
| Defendant. | ) |

_____)

**JOINT LOCAL RULE 16.3 REPORT**

The parties, having conferred by electronic transmission, hereby provide this Report to the Court, in accordance with Local Rule 16.3(c) and Federal Rule of Civil Procedure 26(f).

<u>Plaintiff's Statement</u>

Plaintiff Joddie B. Patterson brings this action for injunctive relief and damages based on the denial of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (hereafter "ADEA"). Defendant discriminated against Ms. Patterson based upon her race, (African-American), her gender (female) and her age (over 40), when it harassed and ultimately terminated her. Defendant also retaliated against Ms. Patterson for engaging in activities protected by Title VII and the ADEA.

<u>Defendant's Statement</u>

Defendant did not discriminate or retaliate against Plaintiff under Title VII or the ADEA. Plaintiff was terminated from her employment due to performance issues and not based upon her age or race.

In addition, pursuant to Local Rule 16.3(c), the parties state the following:

1. <u>Dispositive Motions</u>: Plaintiff does not believe that the case can be resolved by dispositive motions. Defendant believes that this case can be resolved with dispositive motions, specifically, a motion for summary judgment.

2. <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>: The parties do not anticipate that any additional parties will be joined, that the pleadings will be amended or that the issues in the case can be further narrowed prior to discovery or trial.

3. <u>Magistrate</u>: The parties do not consent to referral of the case to a Magistrate Judge for trial. The parties propose that discovery matters and/or settlement discussions be referred to a Magistrate Judge at the Court's discretion.

4. <u>Possibility of Settlement</u>: Plaintiff believes that there is a possibility that the case can be amicably resolved and requests that the case be referred to ADR for a period of 30 days prior to engaging in discovery. Defendant does not believe that this case can be settled prior to discovery. Defendant has no objection to ADR after discovery has been completed.

5. <u>ADR</u>: Plaintiff believes that ADR may be appropriate and requests that the case be referred to ADR for a period of 30 days prior to engaging in discovery. Defendant has no objection to ADR after discovery has been completed.

6. <u>Motions</u>: Plaintiff does not believe that the case can be decided by dispositive motion. Defendant anticipates filing a motion for summary judgment. The parties propose that any motion for summary judgment shall be filed within forty-

five (45) days after the case has been referred to ADR or at the conclusion of discovery, whichever is later; that the responding party shall also have forty-five (45) days to file an Opposition; and that fifteen (15) days shall be allowed for any Reply.

7.    <u>Initial Disclosures</u>:  The parties agree to dispense with the requirements of Fed. R. Civ. P. 26(a)(1).

8.    <u>Discovery</u>:    The parties request that 180 days be granted for discovery.    The parties agree that each party should be limited to ten (10) depositions and that the presumptive limit of 25 interrogatories be maintained in this action, although it is understood that one or both parties may seek leave from the Court to increase this limit at a future time.  Defendant proposes that the number of admissions be limited to 25.  Although the Court may limit the number of requests under Rule 36 F.R.Civ.P., there is no presumptive limit and, accordingly, Plaintiff does not agree to limit the number of admissions.  The parties anticipate that they will be filing a joint protective order.

9.    <u>Experts</u>:  Plaintiff anticipates that she will be relying on expert witnesses.  The parties propose that any expert reports be served within hundred (100) days after the beginning of discovery, and that any rebuttal expert reports be served forty-five (45) days after Plaintiff's report.  The parties propose that the parties be permitted to take depositions of experts within 45 calendar days of service of their reports, or before the close of discovery, whichever is later.   With the exception of the foregoing proposals, the parties agree to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2).

10.     <u>Class Action</u>:  N/A

11.     <u>Bifurcation</u>:  At this time, the parties do not believe that bifurcation of trial or discovery is appropriate.

12.     <u>Pretrial Conference</u>:  The parties propose that the date for the pretrial conference be set after the Court has issued a ruling on the parties' dispositive motions, or at the Court's convenience.

13.     <u>Trial Date</u>:  The parties propose that the trial date be set at the final pretrial conference, or at the Court's convenience.

14.     <u>Other Matters</u>:

        <u>Electronically Stored Information</u>:    In accordance with Federal Rule of Civil Procedure 26(f)(1), the parties will submit a proposed procedure for discovery of electronically stored information once they have completed their discussions concerning this issue.

Dated: March 25, 2008                     Respectfully submitted,


                                _____s/_____
                                Camilla C. McKinney, Esq.
                                McKinney & Associates, PLLC
                                1100 Fifteenth Street, N.W., Suite 300
                                Washington, D.C. 20005
                                (202) 861-2934/(202) 517-9111 (fax)
                                Attorneys for Plaintiff Joddie B. Patterson


                                _____/s/_____.
                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                United States Attorney


                                _____/s/_____.
                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                Assistant United States Attorney


                                        4

_____/s/ Heather D. Graham-Oliver_____.
Heather D. Graham-Oliver
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 305-1334 /Fax: (202) 514-8780
heather.graham-oliver@usdoj.gov
[Permission to file given via e-mail]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————

|  |  |
|---|---|
| | ) |
| **JODDIE B. PATTERSON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1438 (RMU) |
| | ) |
| **MICHAEL W. WYNNE, SECRETARY** | ) |
| **U.S. DEPARTMENT OF THE AIR FORCE** | ) |
| | ) |
| Defendant. | ) |

———————————————————————

**ORDER**

Upon consideration of the parties' Joint Local Rule 16.3 Report, and the entire record herein, it is hereby ORDERED that:

1. _____ The case is referred to ADR for a period of 30 days.

   [Plaintiff's Proposal]

   _____ The case will be referred to ADR after discovery is complete.

   [Defendant's Proposal]

2. Discovery will close on _____.

3. The parties' Rule 26(a)(2) reports will be due 100 days after the commencement of discovery on _____.

4. _____ The parties shall be limited to 10 depositions and 25 interrogatories per side, although one or both parties may seek leave from the Court to increase this limit at a future time.

   [Plaintiff's Proposal]

6

_____ The parties shall be limited to 10 depositions and 25 interrogatories and admissions per side, although one or both parties may seek leave from the Court to increase this limit at a future time.

[Defendant's Proposal]

5. The parties shall file dispositive motions within forty-five (45) days after the case has been referred to ADR or at the conclusion of discovery whichever is later, any Oppositions shall be filed forty-five (45) days thereafter; and any Replies filed fifteen (15) days thereafter.

It is so ORDERED this _____ day of _____, 2008.

_____
United States District Judge